United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DICKEY'S BARBECUE RESTAURANTS, INC., § § § | |
| Petitioner, § § | |
| v. § | Case No. 4:18-cv-00491-ALM-KPJ |
| § | |
| CAMPBELL INVESTMENTS, LLC, KEVIN CAMPBELL, and KODY CAMPBELL, § § § § | |
| Respondents. § | |

# MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report of the United States Magistrate Judge in this action, this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On February 11, 2019, the Report and Recommendation of the Magistrate Judge was entered (the "Report") (s*ee* Dkt. #32) recommending: (1) Dickey's Barbecue Restaurants, Inc.'s ("Dickey's") Petition to Compel Arbitration (Dkt. #1) be granted in part and denied in part; and (2) Respondents Campbell Investments, LLC ("Campbell Investments"), Kevin Campbell, and Cody Campbell's (collectively, "Respondents") Motion to Dismiss (Dkt. #13) be denied. *See* Dkt. #32. The Magistrate Judge recommended the parties be required to arbitrate Dickey's claims arising under the parties' Development Agreement (Dkt. #2 at 8).

Both parties filed objections to the Report (the "Objections"). *See* Dkts. #33, #35. The Court has made a *de novo* review of the Objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the Objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and

conclusions of the Magistrate Judge as the findings and conclusions of the Court. As such, the Court hereby refers the parties to arbitration through the FAA pursuant to the terms of the Development Agreement.

## I. BACKGROUND

As described in the Report, the parties have a long and complex history, spanning multiple proceedings in multiple courts. *See* Dkt. #32 at 1–5. Respondents object to the Report because: (1) the Magistrate Judge found Dickey's is not collaterally estopped from litigating the issue of arbitrability under the Development Agreement; and (2) the Magistrate Judge did not expressly determine which claims in the Petition to Compel fall within the Development Agreement. *See* Dkt. #33. Dickey's objects to the Report because the Magistrate Judge did not decide two issues: (1) whether the Development Agreement delegated questions regarding the scope of the arbitration clause to the AAA; and (2) whether all of Dickey's affirmative claims relating to the South Jordan Franchise Agreement and prior relationship are included within the scope of the Development Agreement's arbitration provision. *See* Dkt. #35 at 1.

## II. DISCUSSION

**Collateral Estoppel**

Respondents argue "the Magistrate Judge erred in finding that [Dickey's] is not collaterally estopped from re-litigating the issue of arbitrability[.]" *See* Dkt. #33 at 1–4. The doctrine of collateral estoppel applies to prevent issues of ultimate fact from being relitigated between the same parties in a future lawsuit if those issues have once been determined by a valid and final judgment. *Vines v. Univ. of La. at Monroe*, 398 F.3d 700, 705 (5th Cir.), *cert. denied* 546 U.S. 1089 (2006) (internal citations omitted). As the Magistrate Judge correctly

found, collateral estoppel is inapplicable in this case. Even if the factual existence of the Development Agreement was acknowledged in the Utah Litigation, Respondents present no evidence that the terms of the Development Agreement were actually litigated. As Judge Benson noted in the Utah Litigation, "[n]either party has argued that the arbitration provision in the Development Agreement would apply to [the Campbells'] claims [in Utah.]" *See* Dkt. #13-1 at 3 n.1. Moreover, in the Utah Litigation, the court analyzed in detail only the arbitration provisions in the South Jordan Franchise Agreement and the Ogden Agreement. *See id*. at 5. Thus, the issues before the two courts are not "identical." The agreement before this Court is a different document than those brought in the Utah Litigation, and specifies that both litigation and arbitration must occur in Collin County, Texas. Finally, Dickey's appeal regarding the arbitrability of the parties' dispute in the Utah Litigation is still pending before the Eleventh Circuit and no final judgment has been reached on the merits. As such, Respondents do not establish that all elements of collateral estoppel are satisfied, as the issues were neither identical, actually litigated, nor final. Accordingly, this objection is **OVERRULED**.

**Res Judicata**

The Campbells argue that Dickey's decision not to raise the Development Agreement in the Utah Litigation precludes Dickey's from raising the arbitration clause in the Development Agreement here. *See* Dkt. 33 at 3. "[R]*es Judicata* bars recovery when a party seeks to relitigate the same facts even when the party argues a novel legal theory." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 521 (5th Cir. 2016). As with collateral estoppel, *res judicata* requires a final judgment on the merits and that the same claim or cause of action was involved in both actions. *See id.* As previously stated, no final judgment has

3

been entered in the Utah Litigation. Further, the Utah Litigation, filed by the Campbells, asserted claims arising from breach of franchise agreements. Dickey's responsive filings in Utah were consistent with the desire to arbitrate franchise agreements; whether arbitration was required pursuant to disputes arising under the Development Agreement, the issue before this Court, was not at issue in the Utah Litigation. *See* Dkt. #13-1 at 3 n.1. While two separate contracts may give rise to *res judicata*, it is where the party bringing suit alleges the same cause of action that the second breach of contract claim is barred. *See Agrilectric Power Partners, Ltd. v. General Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994) (holding that where two breach of contract claims related to the failure of a single steam turbine were barred, because they related to: (1) the same accident, (2) alleged the same product deficiency, and (3) claimed the same damages). The Court finds that the same claim or cause of action was not involved in both actions. The franchise agreements give rise to different rights and obligations than the Development Agreement. Accordingly, breach of the Development Agreement is not equivalent to breach of a franchise agreement.

Further, Respondents do not establish that the Development Agreement necessarily should have been brought in the Utah Litigation to determine the outcome of the Campbells' causes of action arising under the parties' franchise agreement. As Respondents do not establish what bearing, if any, the arbitration clause of the Development Agreement had on the franchise agreement between the parties, Respondents do not establish that Dickey's was barred by *res judicata*. This objection is **OVERRULED**.

**Waiver**

Respondents object that the Magistrate Judge improperly determined Dickey's did not waive its right to arbitration. *See* Dkt. #33 at 3. Respondents argue that because the

4

Development Agreement was not raised in the Utah Litigation, it was barred. *See id*. While a party may waive the right to arbitration, *see Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156, 1158 (5th Cir. 1986), "[t]here is a strong presumption against finding a waiver of arbitration." *In re Mirant Corp.*, 613 F.3d 584, 591 (5th Cir. 2010). The party opposing arbitration must demonstrate: (1) the party seeking arbitration substantially invoked the judicial process; and (2) the party opposing arbitration was prejudiced. *In re Mirant*, 613 F.3d at 591. In reviewing the Utah Litigation history, Dickey's has not engaged in the type of overt acts that evince the desire to resolve the arbitrable dispute through litigation. *See Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 329–29 (5th Cir. 1999); *see also Nicholas v. KBR, Inc.*, 565 F.3d 904, 910 (5th Cir. 2009) (Prejudice occurs "where a party fails to demand arbitration and, in the meantime, engages in pretrial activity inconsistent with an intent to arbitrate[.]") (internal punctuation omitted). To the contrary, Dickey's has taken the consistent position in both cases that the parties' disputes belong in arbitration. The Court therefore finds Dickey's has not waived its right to arbitrate under the Development Agreement and this objection is **OVERRULED**.

**Scope of Arbitration**

Both parties object to the Magistrate Judge's Report because it does not specify which claims the AAA should arbitrate. *See* Dkt. #33 at 4; Dkt. #35 at 5. The Magistrate Judge recommended only disputes arising under the Development Agreement be referred to mediation. *See* Dkt. #32 at 20. The Court agrees.

"The Federal Arbitration Act ('FAA') expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." *Wash. Mut. Fin. Grp., LLC v. Bailey*, 364 F.3d 260, 263 (5th Cir.

5

2004). Here, neither party objects to the Magistrate Judge's finding that there is a valid agreement to arbitrate. Rather, both parties focus on whether their dispute falls within the scope of the arbitration clause in the Development Agreement. *See* Dkts. #33, #35.

Dickey's argues that because the arbitration clause in the Development Agreement "specifically incorporates the AAA's Commercial Arbitration Rules, the AAA decides any disputes that are raised regarding the scope of the clause." *See* Dkt. #34 at 6. The parties expressly incorporated the AAA Rules into the Development Agreement. These rules state that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." *Petrofac, Inc. v. DynMcDermott Petroleum Op. Co.*, 687 F.3d 671, 675 (5th Cir. 2012) (quoting AAA Commercial Arbitration Rule R-7(b)). The express adoption of these rules presents clear and unmistakable evidence that the parties agreed to arbitrate arbitrability. *Id*.

Respondents' counter argument, that Dickey's claims fall outside the Development Agreement, is unavailing. The arbitration clause in the Development Agreement is broad, and clearly applies to "all disputes" arising under it. *See* Dkt. #2 at 30. The Fifth Circuit has determined that where an arbitration provision contains such broad language, it "embrace[s] all disputes having a significant relationship to the contract regardless of the label attached to the dispute." *Hamel-Schwulst v. Country Place Mortg. Ltd.*, 406 F. App'x 906, 913 (5th Cir. 2010). Thus, determination of the exact scope of the arbitration clause contained in the Development Agreement is not a question for this Court but is properly decided by the AAA arbitrator.

The Campbells alternatively request that the Court "make clear that Dickey's cannot attempt to arbitrate any claims arising out of the Campbell's operation of the South Jordan

Restaurant." *See* Dkt. #33 at 6–7. Only the Development Agreement is at issue in this case; hence, the Court refers only those disputes arising under the Development Agreement to arbitration. As discussed above, the scope of the arbitration clause in the Development Agreement is a proper question for the arbitrator. Any claims arising out of the parties' franchise agreements or the Utah Litigation are beyond the scope of the litigation in this Court. Accordingly, this objection is **OVERRULED**.

### III. <u>CONCLUSION</u>

Having received the Report of the United States Magistrate Judge and reviewed the Objections of the parties, the Court is of the opinion that the findings and conclusions of the Magistrate Judge regarding these motions are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court. Therefore, Respondents' Motion to Dismiss (Dkt. #13) is **DENIED**. Dickey's Petition to Compel Arbitration (Dkt. # 1) is **GRANTED IN PART** and **DENIED IN PART**. The parties are hereby **ORDERED** to submit all disputes arising under the Development Agreement to binding arbitration. The Court **DENIES** any request to compel arbitration arising under other agreements between the parties.

As this matter arose under the Petition to Compel (Dkt. #1), no pending matters remain in this case. All relief not previously granted is hereby **DENIED** and all costs shall be borne by the party incurring same. The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

**SIGNED this 15th day of March, 2019.**

*/s/ Amos Mazzant*
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE